**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELENA MAGALI IRAHETA-PATRIZ,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No.  22-296<br><br>Agency No.<br>A206-791-297<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2023**
Pasadena, California

Before:  BYBEE and CHRISTEN, Circuit Judges, and FITZWATER,*** District

Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed R. App. P. 34(a)(2).

\*\*\*      The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

Petitioner Elena Magali Iraheta-Patriz petitions for review of a Board of Immigration Appeals (BIA) order denying her application for asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252 and review the BIA's decision for substantial evidence. *Guo v. Sessions*, 897 F.3d 1208, 1212 (9th Cir. 2018). We dismiss the petition.

1. Iraheta-Patriz argues that the BIA violated her due process rights by issuing its decision without providing her with a briefing schedule. Unaware of any filing deadlines, Iraheta-Patriz never briefed the merits of her appeal to the BIA. As a result, the BIA determined that Iraheta-Patriz did not "meaningfully challenge" the decision of the Immigration Judge (IJ) and adopted and affirmed the IJ's decision.

Iraheta-Patriz's argument is ill-suited to a petition of our court. Although exhaustion of "legal issues based on events that occur *after* briefing to the BIA has been completed" through a motion to reopen is not required by statute, *Alcaraz v. INS*, 384 F.3d 1150, 1158 (9th Cir. 2004), "we may prudentially require petitioners to exhaust administrative remedies in order to develop a proper record, prevent deliberate bypass of the administrative scheme, or allow the agency to correct its own mistake," *Padilla-Padilla v. Gonzales*, 463 F.3d 972, 978 (9th Cir. 2006).

Here, the BIA has not had the opportunity to assess whether Iraheta-Patriz's nonreceipt of the briefing schedule is adequate grounds to reopen her application and allow her to brief her claims. Moreover, the record before us is silent as to the facts underlying Iraheta-Patriz's claim; we do not know whether she was ever sent a briefing schedule. Even Iraheta-Patriz recognizes that her appeal before our court "is taking place out of order"—she has filed a motion to reopen that is pending before the BIA and capable of providing the relief she seeks from our court.

2. Additionally, Iraheta-Patriz contends that the IJ was not a neutral fact-finder. If the BIA allows Iraheta-Patriz to reopen, she can raise this argument to the BIA in the first instance.

**PETITION DISMISSED.**